IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PAMELA STANFORTH,  :
: **Civil Action No. 2:17 cv 0050**
:
Plaintiff,  :
:
v.  :
: MAGISTRATE JUDGE: KEMP
MT. CARMEL HEALTH SYSTEM.  :
:
Defendant.  :

**AGREED PROTECTIVE ORDER AND FRE 502(d) AND (e) STIPULATION**

The parties hereto having stipulated to the entry of a Protective Order under Rule 26(c), Federal Rules of Civil Procedure, and it appearing to the Court that such an Order is necessary, appropriate and will facilitate discovery, IT IS HEREBY ORDERED THAT:

1. The parties hereby designate as "confidential" any documents which Plaintiff or Defendant deem deserving of the protections of this Order. "Confidential" documents:

   (a) Shall be disclosed by the parties to no one except the parties (for defendant, Defendant's designated representative in this litigation), their attorneys (including staff, secretarial, and clerical personnel of such counsel), and any experts or consultants retained by the parties who have agreed to abide by the terms of this Protective Order, and to witnesses in preparation for or at deposition, or to witnesses in preparation for or at trial. In no event shall any witness be permitted to retain a confidential document or any copies thereof.

   (b) Shall be maintained in confidence by the parties, their attorneys, experts, and consultants;

   (c) Shall be used only for the purpose of this litigation by the parties and their attorneys, experts, and consultants; and,

   (d) Shall not otherwise be disclosed or used by the parties, their attorneys, experts, and consultants.

1

2. Any summaries or notes prepared from any document marked "CONFIDENTIAL" are subject to the provisions of this Protective Order.

3. The production of any document marked "CONFIDENTIAL" hereunder shall not constitute a waiver by either party of its right to refuse to produce said document on any grounds in any other litigation, or waiver by either party of its right to object to the admissibility into evidence of any said document at trial, including the trial of the within action.

4. This Order shall not be deemed to encompass documents or information lawfully in the parties' possession prior to the filing of this action.

5. The parties shall not file with the Court (except under seal in an envelope marked with the caption of the case, a list of contents, and the following notation: "Contains Confidential Information; To Be Opened Only By Or As Directed By The Court"), any document, brief, pleading, discovery, or answers to discovery, including interrogatories, requests to produce, or deposition transcripts, which contain Confidential documents or information from the Confidential documents, unless otherwise ordered by the Court, or mutually agreed upon by the parties.

6. Should either party wish to file a document or electronic information under seal for a determination of the claim of a privilege, trade secrets, personally identifying information, or other protection, the party will abide by procedures prescribed in Local Rule 5.2.1(a), and seek leave from the Court prior to filing any document under seal. The Producing Party shall preserve the documents or information until such claim is resolved. The Receiving Party may not use or disclose the documents or information for any purpose until such claim is resolved.

7. At the conclusion of this suit, by judgment or otherwise, the confidential documents, including those provided to experts or consultants as well as electronic information produced, shall be returned to the Producing Party along with all copies thereof, at the written request of the Producing Party.

8. Either party may bring before the Court, for ruling thereon, any problems or difficulties which arise as a result of this Order, or for the purposes of modifying the Order, or for an Order declaring documents or information designated Confidential by a party as not being Confidential. Until the Court rules on any motion related to confidentiality, documents and information designated as Confidential will remain Confidential under the terms of this Agreed Protective Order.

## FRE 502(d) and (e) STIPULATION

9. In addition to the protections afforded under FRE 502(a) and (b) regarding the disclosure of a communication or information covered by the attorney-client privilege or work product doctrine, the parties have agreed to stipulate to protect certain privileged and otherwise protected documents, including electronically stored information and metadata (collectively "Documents"), against claims of waiver of the attorney-client privilege or work product protection, including due to inadvertent production in the event such protected materials are produced during the course of this litigation, whether pursuant to Court Order, a party's discovery request or informal production.

10. Both parties stipulate they are preserving and not waiving any evidentiary protections or privileges applicable to the information contained in the Documents produced, including as against third parties and in any other Federal and State proceedings. Toward this end, and in addition to their stipulation under this Order and FRE 502(e), the parties are stipulating to the additional protection under FRE 502(d) pursuant to this Order of the Court.

11. This Stipulation and Order is designed to foreclose any arguments that any disclosure or production of Documents or other information during this litigation that is subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege, such disclosure or production:

  (a) was not inadvertent by the Producing Party;

  (b) the Producing Party did not take reasonable steps to prevent the disclosure of privileged Documents or information;

(c) the Producing Party did not take reasonable or timely steps to rectify such Disclosure; and/or

(d) such Disclosure acts as a waiver of applicable privileges or protections associated with such Documents or information.

12. THEREFORE, the parties hereto having stipulated to the entry of a Protective Order under Rule 26(c) of the Federal Rules of Civil Procedure, governing the disclosure of Documents and information contained therein that is or pertains to "Confidential Information" per the terms set forth herein, as well as an Order, pursuant to FRE 502, governing the return of inadvertently produced Documents and data and affording them the protections of FRE 502(d) and (e), on the terms set forth herein, and it appearing to the Court that such an Order is necessary, appropriate and will facilitate discovery.

SO ORDERED AND STIPULATED TO THIS 25th DAY OF APRIL, 2017.

/s/ Terence P. Kemp
UNITED STATES MAGISTRATE JUDGE

AGREED:

| By: */s/ Samuel M. Schlein (per email on 4/6/17)* <br> Samuel M. Schlein (0092194) <br> (sschlein@marshallandmorrow.com) <br> John S. Marshall (0015160) <br> (jmarshall@marshallandmorrow.com) <br> Edward R. Forman (0076651) <br> (eforman@marshallandmorrow.com) <br> MARSHALL AND MORROW LLC <br> 250 Civic Center Dr., Suite 480 <br> Columbus, Ohio 43215-5296 <br> Telephone: 614.463.9790 <br> Facsimile: 614.463.9780 | */s/Alison M. Day* <br> Kevin E. Griffith (0037297) <br> (kgriffith@littler.com) <br> Alison M. Day (0068060) <br> (aday@littler.com) <br> LITTLER MENDELSON, P.C. <br> 21 East State Street, 16th Floor <br> Columbus, OH 43215 <br> Telephone: 614.463.4201 <br> Facsimile: 614.221.3301 |